**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Alberto PENA–LOPEZ, Defendant–
Appellant.**

No. 08–12697

**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Oct. 17, 2008.

Suzanne Kay Hashimi, Federal Public Defender, Federal Defender Program, Inc., Atlanta, GA, for Defendant–Appellant.

Stephanie Gabay–Smith, John Andrew Horn, U.S. Attorney's Office, Atlanta, GA, for Plaintiff–Appellee.

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Alberto Pena–Lopez challenges his sentence of 12 months of imprisonment after revocation of his supervised release. Pena–Lopez argues that his sentence is unreasonable because the district court failed to consider that he re-entered the United States illegally to support his family. We affirm.

We review a sentence imposed after revocation of supervised release for reasonableness. *See United States v. Sweeting,* 437 F.3d 1105, 1106–07 (11th Cir.2006). We review the reasonableness of a sentence for an abuse of discretion. *Gall v. United States,* —— U.S. ——, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). "[T]he party who challenges the sentence bears the burden of establishing that the sentence is unreasonable in the light of both [the] record and the factors in section 3553(a)." *United States v. Talley,* 431 F.3d 784, 788 (11th Cir.2005).

The district court did not abuse its discretion by imposing a sentence within the guideline range. Pena–Lopez entered the country illegally, which violated a term of his supervised release. The district court stated that Pena–Lopez's recidivist conduct was "an act of defiance or [a] deliber-

ate violation of the law" that it found "disturbing." The nature and circumstances of an offense and the history and characteristics of a defendant are relevant to fashion an appropriate sentence. *See* 18 U.S.C. §§ 3553(a), 3583(e)(3); *United States v. Clay,* 483 F.3d 739, 743 (11th Cir.2007). Pena–Lopez's sentence is reasonable.

**AFFIRMED.**